

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00011-CR

_____

STANTON WAYNE YATES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1525085

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Stanton Wayne Yates was charged with five counts of engaging in organized criminal activity, with the underlying offense of burglary of a habitation. In a single trial, Yates was found guilty by a jury of four counts of engaging in organized criminal activity and one count of the lesser-included offense of burglary of a habitation. Yates has appealed all his convictions. In this case, he appeals the conviction for burglary of a habitation, alleging the evidence was legally insufficient to support the conviction.[1] Finding the evidence legally sufficient to support this conviction, we affirm the trial court's judgment.

On December 31, 2014, Brenda Campbell left her home at approximately 11:30 a.m., and returned at approximately 5:30 p.m. that evening. On entering her house, she noticed the door had been forcibly removed from its frame. Campbell informed her husband that she believed someone had broken into their home. She immediately went to the gun cabinet to retrieve her pistol, and her husband went to the closet where he kept his loaded Glock 9mm pistol in a dresser drawer. When he looked inside the drawer, the gun was gone and, in its place, was a two-way radio that did not belong to any of the family members. Campbell contacted law enforcement. After their arrival, Campbell began searching the home to determine if anything else was missing. In addition to the missing gun, Campbell discovered that additional items had been taken: six necklaces, a wedding ring, two gold bracelets, earrings, one silver dollar, and $250.00 in cash. None of the

---

[1] Yates also appeals from his four convictions of engaging in organized criminal activity under our cause numbers 06-16-00009-CR, 06-16-00010-CR, 06-16-00012-CR, and 06-16-00013-CR. Yates has filed a single brief in which he raises issues common to all five of his convictions. With the exception of his sufficiency argument relating to his burglary conviction, we address his remaining issues in detail in our opinion of this date in our cause number 06-16-00009-CR.

items were recovered. Campbell had not given consent to anyone to enter her home or to remove the items that were taken.

Sandra Vickers lives within walking distance of the Campbell home and is close enough in proximity to have a view of the residence. Vickers testified that, while looking from a window of her home on the morning of December 31, she noticed a red pickup in the driveway of the Campbell's residence. After lunch that same day, she noticed another vehicle parked at the front gate of the Campbell home. The vehicle remained there for fifteen or twenty minutes before it drove away from the residence. Vickers stated that, after the vehicle drove away, it returned two or three minutes later and parked in front of the gate once again. Vickers did not see any individuals inside or outside of the vehicles. Campbell testified that the second vehicle was an older model, navy blue SUV, with "a lot of white dirt on the passenger side." Vickers believed she saw the vehicles between one and three o'clock in the afternoon.

In addition to testimony regarding the Campbell burglary, Timothy Henderson testified that, on February 5, 2015, he discovered that an intruder had broken into his home and had stolen $1,000.00 in cash and several pieces of jewelry, including his inscribed high school class ring.[2] John Gammill testified that his home had been burglarized February 7, 2015, and that the intruder stole several guns and rummaged through his wife's jewelry box.[3] Katie Kinworthy testified that, on April 28, 2015, her home was burglarized and that the intruder stole guns, cash, gold jewelry,

---

[2]Business records from Greenville Gold & Silver confirmed that Yates sold Henderson's high school ring to Archie Anderson, the owner of the store.

[3]Business records from Hunt County Guns and Ammo revealed that Yates sold Gammill's guns to the store on February 7, 2015, and March 2, 2015.

and a digital camera.[4] Glenn Hahn testified that, on June 6, 2015, he discovered someone had been in his home and his pistol and a large amount of savings bonds and cash were missing. All of these homes were located within Hopkins County.[5]

Yates' brother, Perry, assisted Yates during the burglaries and testified as a witness for the State.[6] Perry testified that he and Yates committed between twenty and twenty-five burglaries in Hopkins County and that they sold the stolen jewelry to Anderson. Perry explained that he would drive Yates to a home, Yates would enter the residence, and Perry would leave the location and subsequently return in order to retrieve Yates. Perry stated that he and Yates used walkie-talkies when they first began burglarizing homes but that Yates lost one of them, so they began using their cell phones. The State asked Perry to look at documents from Car Mart describing the sale of a 2004 Chevy Blazer SUV, and the buyer as Stanton Yates. Although the documents did not state the color of the SUV, Perry testified that the SUV described in the document was the blue SUV they used when they first began burglarizing homes. Eventually, the blue SUV was repossessed, and the brothers were forced to use a different vehicle for their means of transportation.[7]

---

[4]Business records from B6UP Pawn & Gun showed "Yates, Stanton Wayne" as the seller of a "1-Nikon Camera (in black case)."

[5]These four burglaries formed the bases of the State's indictments contained in Yates' companion appeals.

[6]The trial court instructed the jury that "Perry Jeff Yates is an accomplice to the crime of engaging in organized criminal activity, if it was committed. The defendant, Stanton Wayne Yates, therefore cannot be convicted on the testimony of Perry Jeff Yates unless that testimony is corroborated."

[7]The vehicle was repossessed January 22, 2015. According to Perry, after the blue SUV had been repossessed, the pair began using a 2002 tan Chevrolet Blazer, which was the automobile they were in at the time of their arrest.

Archie Anderson testified he had been in the business of buying and selling gold since the 1980s. He stated that he bought jewelry from Yates for approximately two years and that he had done so on at least twenty occasions.[8] Anderson explained that he paid Yates "twenty-something thousand" in cash between January 26, 2015, and May 29, 2015, mostly in exchange for jewelry, such as rings and necklaces. Anderson would then sell the jewelry to a refiner, usually within seven to eleven days from the day he purchased the jewelry from Yates.

On June 6, 2015, a Collin County Sheriff's Deputy detained a vehicle in reference to a burglary that had been committed in Farmersville, Texas.[9] Perry Yates was the driver of the vehicle and Stanton Yates was the sole passenger in the vehicle. The deputy arrested Perry for the

---

[8]The State offered, as business records and without objection, documents from Anderson's store, Greenville Gold & Silver, which reflected twenty-one transactions between January 26, 2015, and May 29, 2015, with Stanton W. Yates or Perry Yates as the sellers.

[9]Farmersville is located in Collin County, Texas. The trial court allowed the admission of evidence relating to the Collin County burglary for the limited purpose of showing a common scheme or plan and identity. *See* TEX. R. EVID. 404(b). In conjunction with its ruling, the trial court orally, and through its written instructions, admonished the jury that it was limited in its consideration of that evidence, as follows:.

> During the trial, you heard evidence that the defendant may have committed wrongful acts not charged in the indictments. The state offered the evidence to show the identity of the defendant as the person who is alleged to have committed the offenses charged in these cases and any alleged scheme or plan, and for no other reason. You are not to consider that evidence at all unless you find, beyond a reasonable doubt, that the defendant did, in fact, commit the wrongful act. Those of you who believe the defendant did the wrongful act may consider it.

> Even if you do find that the defendant committed the wrongful act, you may consider this evidence only for the limited purposes I have described. You may not consider this evidence to prove that the defendant is a bad person and for this reason was likely to have committed the charged offenses. In other words, you should consider this evidence only for the specific, limited purposes I have described. To consider this evidence for any other purpose would be improper.

Following the trial court's oral instructions to the jury, the victim, Carmen Stogsdill, testified that, on June 6, 2015, she saw an intruder inside of a closet in her home. Stogsdill immediately determined that her husband's Sig Sauer pistol had been stolen. Stogsdill was able to give a description of Yates to the police. She was also able to describe the vehicle in which Yates fled as being a "brownish-tan" SUV. When officers stopped Perry and Yates in a tan SUV, the Sig Sauer pistol was found directly under Yates' seat.

offense of driving without a license.[10]  A subsequent search of the vehicle revealed, among other things, an unusual amount of jewelry, a gun, cash, and loose coins.

Yates contends the evidence is legally insufficient to support his conviction for burglary of a habitation.  In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt.  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd).  This standard is the same in cases of direct evidence and circumstantial evidence.  *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex. Crim. App. 1983).  We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge.  *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict

---

[10]Perry was also arrested for burglary of a habitation.  Perry pled guilty and received a sentence of twenty years' confinement in prison as a result of a plea agreement.

the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

A person commits the offense of burglary of a habitation if, without the effective consent of the owner, he enters a habitation and commits or attempts to commit a felony, theft, or an assault. TEX. PENAL CODE ANN § 30.02(3) (West 2011).

The indictment against Yates stated the underlying offense of burglary as follows:

[T]hat STANTON WAYNE YATES, hereinafter styled defendant, on or about the 31st day of December, 2014, and before the presentment of the indictment, in said County and State, did then and there intentionally or knowingly enter a habitation without the effective consent of Brenda Campbell, the owner thereof, and attempted to commit or committed theft of property, to-wit: a pistol, jewelry, and U.S. currency, owned by Brenda Campbell, against the peace and dignity of the State of Texas.

The indictment went on and alleged that Yates committed the burglary to further a combination with others constituting organized criminal activity. The jury opted to convict Yates of just the lesser-included burglary offense. It is that verdict we address here.

There was sufficient evidence to support the jury's verdict in this case. Campbell testified that, on December 4, she realized her home had been broken into and that a gun, several pieces of jewelry, and a silver dollar had been stolen. Evidence from the four other Hopkins County burglaries, each of which occurred within six months of the Campbell burglary, showed that guns, jewelry, and cash had been taken from those homes as well.[11] Documentary evidence linked Yates to several of the items that had been stolen from those homes. In addition, the extraneous-offense

---

[11]Each of the burglaries took place inside Hopkins County, they occurred within a month, if not weeks, of each other, and, the items taken from the homes were always of like kind; that is, jewelry, guns, and cash. Had the State chosen to try each of the underlying burglaries separately, the evidence of each of the other four burglaries would have been admitted pursuant to Rule 404(b) of the Texas Rules of Evidence. *See* TEX. R. EVID. 404(b).

evidence from the Collin County burglary assisted in proving Yates' identity, and the subsequent search of the vehicle revealed similar items that had been stolen from the Campbells' home.

Yates complains that the State relied heavily on Perry's accomplice-witness testimony. Article 38.14, known as the accomplice-witness rule, does not require the non-accomplice evidence to be sufficient by itself to establish the guilt of the accused beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005); *see Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). Likewise, it is not necessary for the non-accomplice evidence to connect an accused directly to the commission of the charged offense. *Gill*, 873 S.W.2d at 48. "All that is required is that there be *some* non-accomplice witness evidence which *tends* to connect the accused to the commission of the offense alleged in the indictment." *Id*. "The corroborating evidence need not be sufficient by itself to establish guilt; there simply needs to be 'other' evidence 'tending to connect' the defendant to the offense." *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007). Under the accomplice-witness rule, "the reviewing court eliminates all of the accomplice testimony from consideration and then examines the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Id*. (citing *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001)).

While Perry's testimony was beneficial to the State's case, the jury also heard testimony from non-accomplice witnesses that not only corroborated Perry's testimony but also assisted in showing a direct link between Yates and the alleged crime. For example, Perry testified that the pair used walkie-talkies when they first began burglarizing homes and that they did so until Yates lost his walkie-talkie. Campbell corroborates that testimony by explaining that, while her husband

8

was searching their home for his gun, he found a walkie-talkie in the dresser drawer that did not belong to a family member. Perry testified that the brothers used an older-model, blue SUV when they first began their spree. Vickers corroborated that testimony by stating that she saw an older-model, blue SUV outside of the Campbells' home on the day their home was burglarized, that the vehicle left, and that it returned within minutes. Perry described each of their individual roles during the burglaries; that is, Perry drove Yates to the homes, left him, and then returned to retrieve him. In addition, Perry testified that Yates sold most of the stolen jewelry to Anderson, and Anderson corroborated by testifying that he purchased jewelry from Yates at least twenty times between January 26, 2015, and May 29, 2015.

Evidence of four other burglaries in the same time period, in the same general locality, and with similar stolen property further corroborated Perry's testimony. The jury was free to connect the Campbell burglary with the other four burglaries, especially in light of the testimony from Anderson that he purchased a large quantity of jewelry from Yates during the same time period. The arrest of Perry, accompanied by Yates and a sizeable quantity of property similar to the items stolen from the Campbells, also corroborated Perry's testimony and supports the conviction.

"All that is required is that there be *some* non-accomplice witness evidence which tends to connect [Yates] to the commission of the offense alleged in the indictment." *Gill*, 873 S.W.2d at 48. In this case, the State provided sufficient non-accomplice evidence to connect Yates to the burglary of the Campbells' home.

We overrule Yates' point of error.

9

We affirm the trial court's judgment.

Josh R. Morriss
Chief Justice

Date Submitted:     August 8, 2016
Date Decided:      November 9, 2016

Do Not Publish